UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CR-352 RLW |
| ) | |
| YASMIN LASANE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on Defendant Yasmin Lasane's pro se letter received February 17, 2023 (ECF No. 419), that the Court construes as a Motion to Amend Order of Restitution. The government opposes the motion. Ms. Lasane did not file a reply in support of her motion and the time to do so has passed. The motion will be denied because the Court lacks jurisdiction to grant the relief Ms. Lasane requests.

**Background**

On December 14, 2011, pursuant to a plea agreement, Defendant pleaded guilty to conspiracy to commit an offense against the United States (bank fraud, access device fraud) in violation of 18 U.S.C. § 371, and identify theft in violation of 18 U.S.C. § 1028(a)(7). (ECF No. 145). In the plea agreement, Ms. Lasane agreed that "the amount of mandatory restitution imposed shall include all amounts allowed by [18 U.S.C.] Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment." (Id. at 10-11).

On March 12, 2012, Ms. Lasane was sentenced to thirty-three months' imprisonment in the federal Bureau of Prisons, a supervised release term of three years, and to pay restitution in

the amount of $115,563,75. (See Amended Judgment, ECF No. 243 at 2, 3, 5.) Defendant's restitution obligation was ordered to be joint and several with four co-defendants in this case and another defendant in Case No. 4:11-CR-539 JCH (E.D. Mo.). The Court's records indicate that an outstanding restitution balance of $93,347.03 remains. Ms. Lasane's supervised release term was scheduled to expire on or about March 9, 2017. (See ECF No. 319 at 1.)

The case was transferred to this Court on February 17, 2023, because the sentencing judge, Judge Jean C. Hamilton, has taken inactive status with the Court.

**Ms. Lasane's Request for Relief**

Ms. Lasane's motion describes the steps she has taken to improve her life since she was released from prison. With respect to the restitution order, Ms. Lasane states she has had "several income tax checks taken since my release and I also pay $150.00 a month." (ECF No. 419 at 1.), Ms. Lasane asserts she is the only one of the six defendants jointly and severally liable for restitution who has been faithfully making restitution payments, and that if the total restitution amount were divided by six, she would have already paid her share. (Id. at 1-2.) Ms. Lasane also asserts that she never received any of the proceeds from the criminal activity and was guilty only of renting a car to a co-defendant knowing what he was involved in. (Id. at 2.)

Ms. Lasane asks the Court to "please look back into my case" and "amend your decision on the restitution you ordered me to pay taking into account what I've already paid, my minimum role in the case back then, and all the changes I have made since being released." (Id.) The exact nature of the relief Ms. Lasane requests is not clearly stated in the motion, but the Court interprets the motion as asking the Court to amend the Judgment in a Criminal Case to reduce the restitution Ms. Lasane owes so that she is only responsible for one-sixth of the total restitution amount.

The government responds that Ms. Lasane's motion must be denied because the Court lacks jurisdiction to amend the restitution order. The government also states that Ms., Lasane did not challenge the restitution obligation on direct appeal and her ability to seek a correction under Rule 35, Federal Rules of Criminal Procedure, expired over a decade ago. (ECF No. 421.) The government is correct.

**Discussion**

In this case, restitution was "mandatory" pursuant to the Mandatory Victims Restitution Act of 1996. As such, the Court was required to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); United States v. Miller, 419 F.3d 791, 794 (8th Cir. 2005) (quoting § 3664(f)(1)(A)). A defendant's ability to pay restitution is only relevant for "determining whether restitution should be paid by lump sum, a schedule of payments, or nominal payments." Id. (quoting United States v. Gray, 175 F.3d 617, 617-18 (8th Cir. 1999)).

Judgments of conviction are final under 18 U.S.C. § 3582(b), subject to certain narrow exceptions set forth in 18 U.S.C. §§ 3582(b)–(c) and other statutes. Absent a specific rule or statute, a district court lacks jurisdiction to revisit a sentence. An order of restitution is a final judgment and federal law specifies the limited instances when it can be modified. 18 U.S.C. § 3664(o); Dolan v. United States, 560 U.S. 605, 618 (2010).

Under Rule 35(a), Fed. R. Crim. P., a restitution order can be adjusted to correct an arithmetical or technical error within fourteen days of sentencing. § 3664(o)(1)(A); Fed. Crim. P. 35(a). An order of restitution may also be "appealed and modified" as part of a criminal appeal. 18 U.S.C. § 3664(o)(1)(B). If a victim's losses cannot be reliably ascertained at the time of

sentencing, the Court may set a date for final determination of the restitution amount within 90 days of sentencing. 18 U.S.C. §§ 3664(o)(1)(C), (d)(5). Finally, a restitution order can be adjusted pursuant to 18 U.S.C. § 3664(k). 18 U.S.C. § 3664(o)(1)(D).

Ms. Lasane's motion does not identify a procedural or statutory basis for the relief she seeks. Absent such a basis, the Court lacks jurisdiction to amend the judgment in this case. As the government states, Ms. Lasane did not file a direct appeal and the time for any modification of the judgment in this case under Rule 35(a) expired years ago. 18 U.S.C. § 3664(o)(1)(C) does not apply here, as the victims' losses were ascertainable at the time of Ms. Lasane's sentencing.

A statute that potentially applies as a basis for Ms. Lasane's motion is 18 U.S.C. § 3664(k), which states:

> A restitution order shall provide that *the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution*. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, *the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require*.

18 U.S.C. § 3664(k) (emphases added). This statute cannot offer Ms. Lasane the relief she seeks, however, because Ms. Lasane does not ask to "adjust the payment schedule" or pay her restitution order in full. Instead, Ms. Lasane asks for a reduction in the total amount of restitution she owes as part of the joint and several order of restitution in the Judgment entered in 2012, by separating the restitution obligation equally among the six defendants ordered to pay it.

The language of § 3664(k) indicates that a material change in a defendant's economic circumstances may support adjustment of the payment schedule, but it does not authorize a court to reduce or eliminate the underlying restitution obligation. See, e.g., United States v. Banks, 430

F. App'x 179, 181 (3d Cir. 2011) (per curiam) (stating that a court has limited jurisdiction to entertain a motion under § 3664(k) to modify or adjust a restitution order that "does not encompass an attack on the overall validity of a restitution order."); United States v. Lallemand, 207 F. App'x 665, 666 (7th Cir. 2006) (18 U.S.C. § 3664(k) . . . authorizes adjustment, but not termination, of a restitution payment schedule based on a 'material change in the defendant's economic circumstances.'"); United States v. Mandel, 179 F. App'x 965, 966-67 (7th Cir. 2006) ("The governing statute permits a defendant to seek a revised payment schedule, but not a reduced obligation. See 18 U.S.C. § 3664(k).)"; United States v. Craig, No. ELH-18-0450, 2022 WL 1522176, at *25 (D. Md. May 13, 2022) (§ 3664(k) does not permit a court to alter the amount of restitution.") (citing cases).

Similarly, 18 U.S.C. § 3572(d)(3) does not offer a statutory basis for the modification Ms. Lasane seeks. This statute provides:

> (3) A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. *Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.*

18 U.S.C. § 3572(d)(3) (emphasis added). As with 18 U.S.C. § 3664(k) discussed above, the language of § 3572(d)(3) authorizes a court to adjust a restitution payment schedule upon a showing of a material change in a defendant's economic circumstances, but does not permit a court to vacate, set aside, or modify the underlying restitution order as Ms. Lasane seeks to do here.

**Conclusion**

The Court understands that the restitution order, which outlasts Ms. Lasane's now-completed term of supervised release, imposes a significant burden on her and that she

perceives it as unfair. The Court commends Ms. Lasane for obtaining her Class A Commercial Driver's License, making restitution payments, volunteering in her community, and living a crime-free lifestyle. Unfortunately, for the reasons explained above, the Court lacks the authority to modify the order of restitution.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Yasmin Lasane's pro se letter received February 17, 2023 (ECF No. 419), construed as a Motion to Amend Order of Restitution, is **DENIED** for lack of jurisdiction.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of March, 2023.